NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN BOSCO ALVAREZ, | No. 17-55360 |
| Petitioner-Appellant, | D.C. No. 2:12-cv-07494-RGK-MRW |
| v. | |
| DEBBIE ASUNCION, Warden, | MEMORANDUM[*] |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 16, 2018
Pasadena, California

Before: W. FLETCHER and PAEZ, Circuit Judges, and GLEASON,[**] District
Judge.

In 2002, Juan Alvarez ("Alvarez") was convicted by a state court jury of

attempted murder, assault with a firearm, and eluding a police officer. At the time

of his trial, Alvarez suffered from Graves' disease, a form of hyperthyroidism.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Sharon L. Gleason, United States District Judge for
the District of Alaska, sitting by designation.

Although Graves' disease can affect a person's mental state, Alvarez's counsel did not investigate whether Alvarez was competent to stand trial. Beginning in 2011, Alvarez filed several state court habeas petitions as well as a federal habeas petition. In 2016, the California Supreme Court denied habeas relief on the merits. And in 2017, the district court denied Alvarez's 28 U.S.C. § 2254 petition. Alvarez appeals the district court's denial of his habeas petition, raising a substantive incompetence claim and an ineffective assistance of counsel claim, both of which he raised in his state habeas petitions.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

1.  Alvarez argues that he was tried while incompetent in violation of his due process rights.[1] In order to stand trial, a defendant must "ha[ve] sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and . . . ha[ve] a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 402 (1960).

Here, there is ample evidence in the record that Alvarez both understood the proceedings against him and had a present ability to consult with his lawyer. According to Alvarez's counsel, Alvarez participated in his own defense by

---

[1] Alvarez only raises a substantive incompetence claim on appeal. Although Alvarez alleged a procedural incompetence claim in his habeas petition—arguing that the trial judge should have conducted a competency hearing sua sponte—he has not pursued that argument on appeal.

2

providing an alibi, testifying to this alibi at his trial, and identifying an additional witness who could support his alibi. Alvarez also made an informed decision to reject a favorable plea deal after discussions with his counsel and the trial judge. When the trial court judge asked Alvarez if he still wished to go to trial, Alvarez stated that he did. Because Alvarez's decision-making and participation in his defense indicate that he was competent to stand trial, the district court properly denied habeas relief on this ground.

**2.** In addition to his substantive incompetence claim, Alvarez alleges that he received ineffective assistance of counsel—in violation of his Sixth Amendment rights—because Alvarez's trial counsel did not investigate whether he was competent to stand trial. To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that this deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The record demonstrates that Alvarez's trial counsel was aware of Alvarez's hyperthyroidism; indeed, trial counsel referenced Alvarez's condition several times throughout the trial proceedings to explain his unusual behavior. Despite observing that Alvarez's condition "makes him react more nervously than the normal human being would," trial counsel did not investigate Alvarez's competency to stand trial. Even assuming that counsel's failure to investigate

3

Alvarez's competency constituted deficient performance, Alvarez cannot show prejudice. For the reasons previously discussed, it is not reasonably probable that the trial court would have found Alvarez incompetent to stand trial had his counsel raised the issue. Thus, the district court did not err in denying habeas relief on this claim.

**3.** Because we affirm the district court's denial of habeas on the merits, we need not decide whether Alvarez's claims were procedurally barred.

**AFFIRMED.**